IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY HOLLY                                                    PETITIONER

vs.                    Civil Case No. 5:08CV00327 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Rodney Holly, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner entered guilty pleas on September 13, 2001, to charges of first degree murder and aggravated robbery and on October 9, 2001, a jury sentenced him to consecutive sentences of forty years and twenty years respectively. An amended judgment and commitment was filed on January 11, 2002. Respondent's Exhibit 1; Holly v. State of Arkansas, 2006 WL 1163825 at 1 (Ark. 2006). At some

point, he filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, which the trial court dismissed as untimely in October of 2002 (Respondent's Exhibit 2).

In October of 2005, Petitioner filed a motion under Ark. Code Ann. § 16-112-201 - 16-112-207 (Repl.2006), in Garland County Circuit Court seeking scientific testing of the weapon used in the crime, specifically testing for fingerprints, which the trial court denied on October 20, 2005.  Petitioner appealed and filed a motion for the appointment of counsel.  On April 27, 2006, the Arkansas Supreme Court found it was clear Petitioner could not prevail on his claims, and it dismissed the appeal and denied the motion for counsel as moot.  <u>Holly v. State of Arkansas</u>, 2006 WL 1163825 at 2.  On June 15, 2007, Petitioner filed a state petition for a writ of habeas corpus, which the state circuit court denied on August 16, 2007 (Respondent's Exhibit 4).

Petitioner signed the present petition on December 8, 2008, and it was filed on December 10, 2008.  He raises the following grounds for relief:

>   1.  The trial court failed to exercise its discretion in sentencing him to consecutive, rather than concurrent, terms of imprisonment;
>
>   2.   Evidence used against Petitioner was not authenticated and identified;
>
>   3.  Counsel was ineffective in advising him to plead guilty;
>
>   4.  Petitioner's convictions and sentences violated the Double Jeopardy Clause;

3

5.  He was arrested without probable cause;

6.  His conviction was obtained through the use of a coerced confession and a fabricated statement;

7.  He was denied his right to appeal;

8.  His guilty plea was constitutionally involuntary and induced by misrepresentation;

9.  His motion to suppress his confession was improperly denied;

10. He is actually innocent and

11. The prosecutor failed to disclose evidence and valuable information.

Respondent admits Petitioner is in his custody and there are currently no non-futile state remedies available to him, but he contends the petition is untimely and should be dismissed under 28 U.S.C. § 2244(d), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>  retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), the running of the limitations period may be triggered by the date Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Ordinarily, finality is determined with reference to the time for taking an appeal. Since Petitioner entered an unconditional guilty plea and had no right to a direct appeal, the court may look to the rules for filing post-conviction motions under Rule 37 of the Arkansas Rules of Criminal Procedure.

Under Ark. R. Crim. P. 37.2(c), where a conviction is obtained on a guilty plea, a petitioner must seek post-conviction relief within ninety days of "the date of entry of judgment." Entry of judgment is the date on which judgment is filed of record with the clerk of the court. Ark. R. App. P.-Civ. 4(d) (2003); see Hicks v. State, 324 Ark. 450, 451-52 (1996). Where, however, judgment is not entered of record within ten days of the date sentence was

pronounced following a guilty plea, a post-conviction petition must be filed within ninety days of "the date sentence was pronounced." Ark. R. Crim. P. 37.2(c).

Petitioner's original judgment was entered of record on December 17, 2001, and his amended judgment was filed on January 11, 2002.  Both dates were more than ten days following the date sentence was pronounced on October 9, 2001.  Thus, his time for filing a post-conviction petition began running on the date of pronouncement of sentence, and this is also the date his judgment became "final" for purposes of § 2244(d)(1)(A).  If the court were to use this as the triggering date, the one year time limitation would have expired on October 9, 2002.  Also, even if the court were to find all of the petitions he filed in state court were "properly filed," and they tolled the limitations period under § 2244(d)(2) until the date the state court ruled on the last motion, August 16, 2007, this petition would be untimely.  Petitioner has not explained why he waited well over one year after the last state court ruling to file his petition in December of 2008.

In ground eleven, Petitioner asserts the prosecution withheld "evidence and information of how a weapon believed to have been the murder weapon led and traced police to question the State's witness."  Section 2244(d)(1)(D) provides that the limitation period may be triggered on the "date on which the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence." In certain circumstances, the limitations period may not be triggered until a petitioner discovers the factual basis for the claim he asserts, even though his conviction may have become final months or years earlier.

It appears, however, the information Petitioner argues was concealed by the prosecution became known to him at some point prior to June 15, 2007, because Petitioner states at page four of the petition that he raised this claim in his state habeas petition filed on that date. He also indicates at page 5 of the petition that he raised it in his motion requesting access to scientific evidence filed on October 19, 2005. Even if the running of the limitations period is not triggered until June 15, 2007, the petition is untimely, and Petitioner has not explained the delay.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 2nd day of April, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge